UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT
EASTERN DIVISION

| | |
|---|---|
| MANOR HOMES OF CHATHAM CONDOMINIUM ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No.: 1:18-cv-4136 |

## COMPLAINT

Plaintiff, Manor Homes of Chatham Condominium Association, by its undersigned attorneys, for its complaint against Defendant, Nationwide Property and Casualty Insurance Company, states:

## FACTS

1. At all times relevant, Plaintiff, Manor Homes of Chatham Condominium Association ("Plaintiff" or "Manor Homes"), was and is a citizen of Illinois, being an Illinois not-for-profit corporation with its principle place of business in Buffalo Grove, Illinois, and was and is the owner of 16 condominium buildings in Buffalo Grove, Illinois (collectively "the Buildings" or "the insured premises").

2. At all times relevant, Defendant, Nationwide Property and Casualty Company ("Nationwide"), was and is an Ohio citizen, being an Ohio corporation with its principle place of business in Columbus, Ohio, was and is authorized to do business in the State of Illinois, and was and is engaged in the business of underwriting and issuing commercial property and casualty insurance for condominium associations.

1

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district and the events giving rise to their claims occurred in this judicial district. Additionally, Nationwide does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Nationwide issued to Manor Homes a property and casualty insurance policy effective December 2, 2016 through December 2, 2017 ("the insurance policy").

6. Under the insurance policy, Nationwide insured Manor Homes against direct physical loss or damage to the insured premises caused by hail.

7. Loss caused by hail is not excluded under the terms and conditions of the insurance policy and is therefore a covered cause of loss.

8. On or about June 14, 2017, while the insurance policy was in full force and effect, the insured premises were damaged by hail ("the hail loss").

9. Manor Homes submitted a claim to Nationwide under the insurance policy.

10. Nationwide acknowledged the hail loss was covered under the insurance policy and agreed to issue payment to Manor Homes in the amount of $6,447.61, less the $2,500 policy deductible. A copy of Nationwide's correspondence setting forth its coverage acknowledgement and payment is attached as Exhibit A.

11. The insurance policy contains an "Appraisal" provision which reads as follows:

> **"Appraisal**
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser after receiving a written request from the other, and will advise the other party of the name of such appraiser within 20 days. The two appraisers will select an umpire. If appraisers cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim."

12. Prior to June 7, 2018, Manor Homes made a written demand for appraisal based on its disagreement with Nationwide as to the amount of the hail loss.

13. On June 7, 2018, Nationwide agreed to appraise Manor Homes' hail loss if Manor Homes agreed, in writing, that only certain aspects of the loss would be considered. A copy of Nationwide's June 7, 2018 correspondence is attached as Exhibit B.

14. Manor Homes did not agree to proceed to appraisal on the terms or conditions imposed by Nationwide.

## COUNT I
### (Declaratory Judgment Relief)

15. Plaintiff re-alleges paragraphs 1 through 14 of the Facts of the Complaint as paragraph 15 of Count I of the Complaint.

16. The insurance policy issued by Nationwide to Manor Homes does not impose any limitations or conditions on appraisal, including any requirement that Manor Homes agree in writing to limiting the scope of an appraisal.

3

17. Disputes as to causation, the scope of repair or replacement, cost of repair or replacement, matching, and whether the damage is extensive enough to require employing a general contractor are disputes as to the "amount of loss", and not disputes as to "coverage", and, as such, are disputes appropriate for appraisal.

18. Nationwide has a contractual obligation to proceed with appraisal to set the amount of Manor Homes' hail loss.

19. Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable controversy exists between Manor Homes and Nationwide as to the amount of the hail loss sustained by Manor Homes. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE, Plaintiff, Manor Homes of Chatham Condominium Association, prays that this Court enter an order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the terms of the "Appraisal" provision in the insurance policy;

(b) staying the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

### COUNT II
**(Breach of Contract)**

20. Plaintiff re-alleges paragraphs 1 through 18 of Count I of the Complaint as paragraph 20 of Count II of the Complaint.

21. Manor Homes has substantially performed all conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by Nationwide including, but not limited to (a) paying the premium for the insurance policy, (b) giving notice of the hail loss to

Nationwide, (c) cooperating with Nationwide in its investigation of the loss and the subsequent claim, and (d) filing suit against Nationwide within one year of the loss.

22. It is Nationwide's duty to pay the amount due under the insurance policy for the covered hail loss, including the cost to repair/replace the hail damage to Manor Homes' Buildings.

23. Nationwide has conditioned its participation in the appraisal process upon Manor Homes agreeing, in writing, to appraise only certain portions of the hail loss, which constitutes a breach of the insurance policy.

24. Although requested to do so, Nationwide has failed to pay for all of the damages sustained by Manor Homes from the hail loss, including the cost to repair/replace all of the hail damage to the Buildings, thus breaching the insurance policy.

25. This breach of the insurance contract was and is the direct and proximate cause of damages to Manor Homes in an amount in excess of $75,000.

26. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Manor Homes is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Manor Homes of Chatham Condominium Association, prays for judgment in its favor and against Defendant, Nationwide Property and Casualty Insurance Company, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT III
**(Section 155 Relief)**

27. Manor Homes re-alleges paragraphs 1 through 25 of count II of the Complaint as paragraph 27 of Count III of the Complaint.

28. At the time of the hail loss, Nationwide's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of

Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

29.    Manor Homes is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Nationwide engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Manor Homes for the loss within 40 days of the hail loss being reported to Nationwide, thus constituting an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) failing to provide Manor Homes with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75 days after it notified Nationwide of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c) failing to provide Manor Homes with a reasonable written explanation for the delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

(d) failing to acknowledge with reasonable promptness pertinent communications regarding the claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the hail loss and ensuing claim, a claim in which liability was reasonably clear, in violation of Section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois Administrative Code;

(f) forcing Manor Homes to retain legal counsel to investigate the hail loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy;

(g) refusing to pay for Manor Homes' covered losses due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm to investigate the hail loss who is repeatedly used by and is biased in favor of insurers like Nationwide, in violation of its internal claims polices, practices, and procedures and in violation of Section 154.6 of the Illinois Insurance Code;

(h)     disclaimed coverage for the hail loss based on an unreasonable interpretation of its insurance policy;

(i)     without proper cause, wrongfully and knowingly refusing to reimburse Manor Homes for all its covered hail loss under the insurance policy;

(j)     without proper cause, attempting to limit and condition its participation in the appraisal process upon Manor Homes agreeing to appraisal only certain portions of the hail loss; and

(k)     failing to be fair, open, and to carry out its part of the bargain under the contract in good faith, contrary to its claim handling philosophy.

WHEREFORE, Plaintiff, Manor Homes of Chatham Condominium Association, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Nationwide Property and Casualty Insurance Company.

**Plaintiff Demands Trial by Jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com